53-07/MEU/PLS
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
YOG SHIPPING LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Pamela L. Schultz (PS 0335)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YOG SHIPPING LTD.                                              07-Civ-

                        Plaintiff,                         **VERIFIED COMPLAINT**

              - against –

GETAX OCEAN TRADES PTE. LTD.

                        Defendant.
------------------------------------------------------------x

      Plaintiff, YOG SHIPPPING LTD., (hereinafter "YOG") by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant GETAX OCEAN TRADES PTE. LTD. (hereinafter "GETAX") alleges upon information and belief as follows:

      1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

NYDOCS1/276912.1

2. At all times relevant hereto, Plaintiff YOG was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 1801 Dina House, 11, Dudell Street, Central, Hong Kong.

3. At all times relevant hereto, GETAX was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 3 Temasek Avenue, #31-02, Centennial Tower, Singapore 039190.

4. On or about September 15, 2006, Plaintiff YOG as owner, and Defendant GETAX as charterer, entered into a maritime contract of charter party on an amended GENCON form for a single voyage charter from the Republic of Nauru to Vizag, India onboard the M/V DARYA YOG.

5. The charter party contemplated carriage of 30,000 metric tons of rock phosphate in bulk, 10% more or less in owner's option, and Plaintiff YOG duly tendered the vessel into service under the charter.

6. At Nauru, loading operations commenced. However, on October 11, 2006 due to the unsafe nature of the Nauru port/berth, the DARYA YOG grounded, sustaining significant damage to her hull and rudder components.

7. The unsafe nature of the Nauru port/berth renders GETAX in breach of the charter party and responsible for the significant losses to YOG, including but not limited to, damages in the form of lost earnings and repairs to the vessel's hull and machinery. GETAX's losses, are as follows:

    a. Lost earnings while the vessel underwent repairs in the amount of $1,600,000.00;

    b. Temporary and permanent repairs to the hull and machinery of the DARYA YOG in the amount of $1,300,000.00 as a result of the grounding; and

    c. Additional repairs still needed to be made to the hull and machinery of the DARYA YOG in the amount of $400,000 as a result of the grounding;

8. Plaintiff YOG has fulfilled all obligations required of it under the charter party.

9. The charter party provides that it is to be governed by English law and all disputes between the parties are to be resolved by arbitration in Singapore, and YOG specifically reserves its right to arbitrate the substantive matters at issue.

10. This action is brought to obtain jurisdiction over GETAX and to obtain security in favor of Plaintiff YOG in respect to its claims against GETAX and in aid of Singapore arbitration proceedings.

11. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees and costs in the arbitration and interest, all of which are recoverable as part of Plaintiff's main claim under English law, which as now may be presently estimated to respectively be USD $450,000.00 and interest on YOG's claim against GETAX in the amount of $763,749.74, at a rate of 7% compounded quarterly estimated until the time of entry of an award in three years.

12. Upon information and belief, and after investigation, Defendant GETAX cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire

transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

WHEREFORE, Plaintiff YOG MARITIME, INC. prays:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $3,300,000.00 plus interest, costs and attorneys fees;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to and including the sum of **$4,513,749.74,** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

NYDOCS1/276912.1                              4

c.  That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
January 31, 2007

                  FREEHILL HOGAN & MAHAR, LLP
                  Attorneys for Plaintiff
                  YOGS SHIPPING LTD.

By: _____
     Michael E. Unger (MU 0045)
     Pamela Schultz (PS 0335)
     80 Pine Street
     New York, NY 10005
     (212) 425-1900
     (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

    MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
31st day of January 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08